UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRODERICK JAMES WARFIELD,<br><br>    Plaintiff,<br><br>  v.<br><br>BEN LEWIS, et al.,<br><br>    Defendants. | No.  2:17-cv-0290 TLN GGH<br><br><br><br>ORDER |

Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302(21), pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1).  Accordingly, the request to proceed in forma pauperis will be granted.

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

1

indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In this action plaintiff purports to be invoking federal jurisdiction under 28 U.S.C. § 1332, diversity of citizenship, which applies only in cases in which the plaintiff is a citizen of one state suing a defendant or defendants of a different state. In this case, however, both the plaintiff and the defendants are citizens of California. The other basis for federal jurisdiction is federal question jurisdiction, found in 28 U.S.C. 1331, which requires that plaintiff plead a case arising under the United States Constitution or federal laws or treaties of the United States. Plaintiff has made no such allegations. In the absence of jurisdiction this court can take no action on behalf of plaintiff.

In addition, plaintiff's very brief statement of facts makes it clear that he is attempting to sue on behalf of a third party. He also seeks criminal prosecution of the two defendants for an alleged crime to a minor. There is no basis for such a pleading. The injured party may sue on his or her behalf, but the injured party alleged here is not a plaintiff in this suit. Nor may a party sue for criminal prosecution.

The undersigned also finds that given the problems mentioned above, there is no possibility that the complaint could be amended to state a claim. See Eminence Capital v. Aspeon, 316 F.3d 1048, 1052 (9th Cir. 2003).

In light of the foregoing, it is clear that this suit fits into the definition of a "frivolous" suit as defined above. Therefore, the action is dismissed, without prejudice for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated: March 23, 2017

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE